IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TIMOTHY BLACK,
        Plaintiff,

vs.                                         5:04cv409/LAC/MD

MICHAEL CROSBY, et al.
        Defendant.

## **REPORT AND RECOMMENDATION**

      This cause is before the court upon plaintiff's third amended civil rights complaint filed pursuant to Title 42 U.S.C. §1983 (doc. 41). Plaintiff's third amended complaint, in which he now seeks to name nine defendants from two different correctional institutions, utterly fails to comply with the court's previous orders and the instructions on the complaint form directing him to limit his claims to those related to the same basic incident or issue. In addition, plaintiff complains primarily about events that took place well <u>after</u> his initial pleading was filed on November 30, 2004, despite having been previously advised that failure to have exhausted administrative remedies <u>before</u> filing suit is grounds for dismissal of his case. *Johnson v. Meadows,* 418 F.3d 1152 (11th Cir. 2005).

      Plaintiff was previously admonished that this court would not "expend valuable court resources winnowing through a complaint that is in such blatant disregard of its prior orders in an attempt to find potentially viable claims." (Doc. 36). He was also advised that it was incumbent upon him to follow the court's instructions and present his claim in accordance with those instructions,[1] and that his "failure to do so will result in a dismissal of his case."

---

[1] The court's first order directing plaintiff to amend presented in great detail legal standards applicable to the claims plaintiff appeared to raise. (Doc. 29).

(Doc. 36). Lastly, plaintiff was advised that he had a "final opportunity" to amend his complaint and correct the deficiencies identified by the court, and that "[f]ailure to submit a third amended complaint **as instructed** will result in a recommendation of dismissal of this action." (Doc. 36).

Despite the court's clear and repetitive admonishments, plaintiff has failed to comply. Based on the sophistication of the arguments presented by the plaintiff throughout this litigation, as well as his apparently extensive history litigating claims in other forums, it is virtually unfeasible that he, or the person preparing the complaint for him, did not understand the court's previous orders. As noted above, the plaintiff's third amended complaint names nine defendants: Jane Stephens, Sgt. Mercer and Warden John Doe of Jackson Correctional Institution and Librarian Wells, Sgt. Iman, Sgt. Phelman, Sgt. Blanton, C.O. Smith, and Warden John Doe of Taylor Correctional Institution. Allegations contained therein include tampering with plaintiff's legal mail, writing of false disciplinary reports, interference with his access to courts, retaliation, denial of equal protection, "spiking" plaintiff's food, physical assaults and verbal threats intended to dissuade him from filing grievances, and retaliatory transfer. Although some of the purported constitutional violations allegedly occurred repeatedly or at both institutions, even under a liberal construction, the entirety of plaintiff's allegations cannot be said to be related to the same basic incident or issue. However, the more critical issue is that plaintiff instigated this litigation in November of 2004, but his claims against all but two of the defendants arose in 2005, <u>after</u> he began litigating this case.[2] Plaintiff included these claims, that obviously could not have been exhausted prior to filing suit, in direct contravention to the court's previous orders and controlling Eleventh Circuit precedent. *Johnson v. Meadows, supra*.

This court has gone to great lengths to set forth the substantive legal standards applicable to the plaintiff's claim and advise him of the more "technical" requirements of filing. Plaintiff has chosen to disregard the court's repetitive instructions, despite having

---

[2]The court also notes that the allegations raised in the instant complaint are unrelated to the claims initially raised in the plaintiff's motion for preliminary injunction and/or temporary restraining order (doc. 1), where he requested a change in the institutional mail policies at Jackson Correctional Institution.

*Case No: 5:04cv409/LAC/MD*

been warned that it was his <u>final</u> opportunity to do so.  Because of this, the court finds that dismissal of this complaint without prejudice is warranted.[3]

Accordingly, it is respectfully RECOMMENDED:

That this case be dismissed without prejudice for plaintiff's repeated failure to comply with an order of the court.

At Pensacola, Florida this 6th day of March, 2006.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  <u>See</u> 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).

---

[3] This dismissal expresses no opinion on the merits of any of the plaintiff's claims, or the question of administrative exhaustion in a properly filed complaint.

*Case No: 5:04cv409/LAC/MD*